IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| GLEN MOORE,<br>TDCJ No. 02117174,<br><br> Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br> Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 7:17-cv-00100-O-BP |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Glen Moore pursuant to 28 U.S.C. § 2254. ECF No. 1. After considering the claims alleged in the Petition, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS with prejudice** Petitioner's Petition for Writ of Habeas Corpus.

### Background

This case involves a Petition for Writ of Habeas Corpus filed by Glen Moore ("Moore"), an inmate confined in the Fort Stockton Unit of the Texas Department of Criminal Justice in Fort Stockton, Texas. ECF No. 1. Moore challenges the validity of his state conviction for failing to register as a sex offender in Wichita County pursuant to article 62.101(a) of the Texas Code of Criminal Procedure. *Id.* at 2. Moore seeks federal habeas relief based on an "illegal conviction," ineffective assistance of counsel, and excessive punishment. ECF No. 1.

On February 7, 2017, Moore pleaded guilty to the charge of failing to register as a sexual offender, and he was sentenced to twenty-five years' imprisonment. ECF No. 1 at 2. Moore then

filed a state habeas application on May 3, 2017, which was denied without written order. ECF No. 13-3 at 4. Moore filed the instant petition on July 24, 2017. ECF No. 1.

Pursuant to this Court's Order (ECF No. 5), the State filed an answer in which it argued that Moore's petition should be dismissed because his claims lack merit. ECF No. 11. The State also argued that certain claims are procedurally in default due to Moore's failure to exhaust his state court remedies. *Id.* at 5. Moore filed his reply on November 14, 2017. ECF No. 15. In support of the instant petition, Moore claims that he (1) was "illegally convicted of a charge of indecency with a child under seventeen;" (2) received ineffective assistance of trial counsel; and (3) was denied his constitutional rights because the punishment imposed was excessive. *See* Petition, ECF No. 1.

## **Legal Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in pertinent part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2016).

Under the "contrary to" clause, a federal court may grant a writ of habeas corpus if the state court either arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decided a case differently from the United States Supreme Court on a set

of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applied the correct legal rule to the facts of a particular case or unreasonably extended a legal principle from Supreme Court precedent to a new context where it should not have applied or unreasonably refused to extend that principle to a new context where it should have applied. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is an objective one and applies to all federal habeas corpus petitions that, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). In the context of habeas corpus, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The resolution of factual issues by the state court is presumed to be correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by the record.

28 U.S.C. § 2254(d); *Burden v. Zant*, 498 U.S. 433, 436–37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994).

### **Claim 1 - Illegal Conviction**

Moore claims that he was "illegally convicted" because article 12.01 of the Texas Code of Criminal Procedure "does not apply to an offense if the prosecution of that offense became barred by limitation before the effective date of [September 1, 1987.]" ECF No. 15 at 6. Moore argues that because he was convicted in 1987 that any subsequent laws cannot apply retroactively to him. ECF No. 15 at 6. As the State mentions in its brief, Moore appears to argue that the state sex offender registration law as applied to Moore violates the Ex Post Facto Clause of the Constitution. ECF No. 11 at 2.

The Texas Sex Offender Registration Program is currently codified at Chapter 62 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. art. 62.101(a)(1). Prior to 1997, the sex offender registration requirement applied only to those persons convicted of a sex offense after 1991. *See Rodriguez v. State*, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002). In 1997, the Texas legislature expanded the class of persons required to register to those individuals who had a reportable conviction or adjudication occurring on or after September 1, 1970. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 668 §§ 1, 11, 1997 Tex. Gen. Laws 2260-61, 2264 (formerly Tex. Code Crim. Proc. Ann. art. 62.11). The 1997 amendments also imposed lifetime reporting requirements for certain offenses, including a sexually violent offense. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 668 §§ 1, 11, 1997 Tex. Gen. Laws 2253, 2264 (formerly Tex. Code Crim. Proc. Ann. art. 62.12(a)(1)). Indecency with a child is defined as a "sexually violent offense." Tex. Code Crim. Proc. Ann. art 62.001(5)(A) (Vernon Supp. 2005). Under article 62.102 of the Texas Code of

4

Criminal Procedure, failing to register under Article 62.101(a) is a "felony of the third degree." ECF Nos. 1 at 12–13; 15 at 3–7.

The Fifth Circuit's precedent is clear that the Texas sex offender statute does not violate the Ex Post Facto Clause. *King v. McCraw*, 559 Fed. App'x 278 (5th Cir. 2014) ("[T]his Court has repeatedly affirmed a district court's dismissal as frivolous the claim that the retroactive application of Texas law requiring sex offender registration and notification violates the Ex Post Facto Clause."); *Hayes v. Texas*, 370 Fed. App'x. 508, 2010 WL 1141631 (5th Cir. March 18, 2010) ("Retroactive application of laws requiring sex-offender registration and notification do not violate the Ex Post Facto Clause."). Here, Moore was convicted in 1987 for indecency with a child, and thus the 1997 amendments require him to follow the reporting requirements. Moore was required to register under state law, and the requirement for him to comply with the sex offender registration is not a violation of the Ex Post Facto Clause, and his claim to the contrary is not valid.

Furthermore, Moore argues that he is being additionally punished for his 1987 offense of indecency with a child, which is a violation of the Double Jeopardy Clause of the Constitution. ECF No. 1 at 12. The Double Jeopardy Clause protects against multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498 (1984); *United States v. Nichols*, 741 F.2d 767 (5th Cir. 1984), *cert. denied*, 469 U.S. 1214 (1985). "[I]t is well settled that the test for determining whether several offenses are involved is whether identical evidence will support each of them, and if any dissimilar facts must be proved, there is more than one offense." *Bins v. United States*, 331 F.2d 390, 392 (5th Cir. 1964) (citing *Blockburger v. United States*, 284 U.S. 299 (1932)). Charges involving two separate incidents that occurred on different dates are separate offenses and do not transgress the double jeopardy bar. *Id.* Moore committed separate and distinct offenses. The first

5

involved the offense of indecency with a child. The second concerns his failure to comply with the sex offender registration requirements when he failed to report to local authorities about his anticipated move date and new address in Wichita County, Texas. ECF No. 11-1 at 2. Further, as the State notes, Moore was charged with the third-degree felony of failing to comply with his lifetime duty to register as a sex offender with an enhanced punishment range as a habitual felon. *Id.* at 7–9. Moore's judicial confession, which he signed, clearly outlined that a habitual felon charged with a third-degree felony offense is punishable for "not more than 99 years or less than 25 years." Tex. Penal Code § 12.42(d) (West 2015). Moore's twenty-five year sentence was therefore consistent with Texas law, which was knowingly and voluntarily entered by Moore. Thus, Moore's double jeopardy claim lacks merit.

## Claim 2 - Ineffective Assistance of Counsel

### I. Procedural Exhaustion

Before addressing Moore's ineffective assistance of trial counsel claims, the Court must consider whether all or some of those claims are procedurally barred, as the State also argues. A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals ("TCCA") in a petition for discretionary review ("PDR") or an application for writ of habeas corpus. *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. It is well-settled that federal courts can dismiss

6

without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must have a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, the State argues that Moore failed to exhaust the following claims of ineffectiveness on the part of his trial counsel: (1) rushing Moore to view the State's discovery; (2) telling a potential defense witness that she did not need to appear in court; and (3) threatening Moore to take the plea-bargain offer. ECF No. 11 at 2–3. Upon review of the record, Moore's application states that he "pleaded under distress because my attorney was not prepared for my trial" and that "on the day of the [trial] none of my witness was there." ECF No. 1 at 14–15. In liberally construing the pleadings, the Court finds that Moore adequately presented the claims for ineffective assistance of counsel in his state habeas application regarding the defense witness and forcing him to take the plea-bargain offer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that allegations of *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers). Thus, Moore's ineffective assistance of counsel claim based on his attorney rushing him to view the State's discovery appears to be the only claim that is procedurally barred in this petition, as the TCCA did not consider the merits of that specific claim. Although Section 2254(b)(2) provides that an application for a writ of habeas corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Even if the Court were to consider the merits of Moore's procedurally defaulted claim, Moore may overcome the procedural bar by demonstrating either cause and prejudice for the default or that a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Finley v. Johnson*, 243 F.3d 215, 200 (5th Cir. 2001). The fundamental-miscarriage-of-justice exception is limited to cases of (1) actual innocence and (2) ineligibility for the death penalty. *Schlup v. Delo*, 513 U.S. 298, (1995). Moore shows neither cause for failing to raise this claim on direct appeal nor proof of actual innocence. Therefore, Moore's claim that his trial counsel was ineffective because he rushed his review of the state's discovery, raised for the first time in his state habeas application, is procedurally barred from this Court's review.

## II.     Voluntary Guilty Plea Waives All Nonjurisdictional Defects

Moore claims that his trial counsel was ineffective because he failed to (1) adequately prepare for trial; (2) file a motion to dismiss his case; (3) challenge the sentencing enhancement; (4) let Moore view the state's discovery to prepare for trial; and (5) prepare and call witnesses to trial. As mentioned above, Moore also argues that his counsel was ineffective because he forced him to accept a plea-bargain that included a twenty-five year sentence, instead of proceeding with trial and risking a life sentence. ECF No. 1 at 13–16.

Although Moore does not directly state that his guilty plea was involuntary or unknowing, the Court will first examine the validity of the guilty plea because a valid guilty plea generally supersedes any constitutional deprivations occurring prior to the plea. *United States v. Sanchez-Guerrero*, 546 F.3d 328, 311 (5th Cir. 2008), *cert. denied*, 556 U.S. 1172 (2009). Once a guilty plea has been entered, all non-jurisdictional defects in the proceedings are waived. *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir.

1992). This waiver includes all claims of ineffective assistance of counsel except those related to the guilty plea itself. *United States v. White*, 307 F.3d 336, 343–44 (5th Cir. 2002); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). The validity of a guilty plea is a question of law and will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

Upon review of the parties' pleadings and the record, the undersigned finds that Moore knowingly and voluntarily pleaded guilty to failing to comply with the state sexual offender registration requirements. Moore signed a detailed, written plea agreement containing information concerning the range of potential punishment for the offense charged, as well as the consequences of the plea. ECF No. 11-1 at 2–10. He signed the document entitled "Defendant's Judicial Confession," which included a provision that expressly noted his "waiver of rights" and "stipulation of evidence." ECF No. 11-1 at 8. The presiding judge of the state court noted and ordered that Moore was mentally competent to enter the guilty plea, and that plea was "knowingly, intelligently and voluntarily" entered. ECF No. 11-1 at 10. Plea papers carry the presumption of truth, and are *prima facie* evidence that the defendant was informed of the elements of the crime. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir. 1986). Nothing in the record evidences that Moore had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Thus, Moore waived all nonjurisdictional defects in the proceedings against him. *Smith*, 711 F.2d at 682 (citing *Barrientos v. United States,* 668 F.2d 838, 842 (5th Cir.1982)).

Accordingly, Moore's claims that his trial counsel was ineffective for not (1) adequately preparing for trial; (2) filing a motion to dismiss; (3) challenging the sentencing enhancement; of

9

the allegations against him; (4) letting Moore view the state's discovery to prepare for trial; and (5) preparing and calling witnesses to trial should be dismissed due to Moore's knowing and voluntary plea, as these claims are nonjurisdictional and are waived by the plea.

### III.     Ineffective Assistance of Counsel Claim Related to the Guilty Plea

Finally, Moore argues that his counsel was ineffective because he forced him to take the plea bargain instead of go to trial. ECF No. 1 at 13–16. In response, the State argues that while this claim is procedurally barred, in the alternative, the Court should dismiss the claim because it is without merit. ECF No. 11 at 20. The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To obtain habeas relief on a claim of ineffective assistance of counsel, the petitioner must prove (1) that his counsel's performance was deficient and (2) that it prejudiced him. *Id.* To satisfy the first prong of *Strickland*, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id*. To prove prejudice under the second prong, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Moreover, a reasonable probability "requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Harrington v. Richtner*, 562 U.S. 86 (2011)).

Moore argues that his counsel threatened him that if he were to proceed to trial, he would receive a life sentence. ECF Nos. 1 at 15 and 15 at 12. However, the Fifth Circuit has held that "[a] defense attorney should make informed predictions about the consequences of either pleading

10

guilty or going to trial." *See United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002) (finding that a defense attorney's prediction of a harsh sentence at trial did not alone render a guilty plea involuntary, and the plea colloquy should control). It is well established that a guilty plea is not rendered invalid merely because it is motivated by fear of greater punishment. *United States v. Araiza*, 693 F.2d 382, 384–385 (5th Cir. 1982) (citing *Bordenkircher v. Hayes*, 434 U.S. 357 (1978); *Flores v. Estelle*, 578 F.2d 80, 85 (5th Cir. 1978)). Prior to pleading guilty, Moore confirmed several times under oath that no one had coerced, forced, or threatened him in any way to enter his guilty pleas, nor had anyone made any promises to cause him to enter into the plea agreement. ECF No. 11-1 at 5, 6, 9. Moore must show such a strong degree of misunderstanding, duress, or misrepresentation by others that his plea would become a constitutionally inadequate basis for imprisonment. *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)). He has not done so.

Even assuming that his counsel rendered deficient performance, Moore cannot show how he was prejudiced by his counsel's alleged errors. Moore does not argue in any of his pleadings that at the time of his plea, Moore desired to go to trial instead of pleading guilty. *See Drinkard v. U.S.*, No. 3:10-cv-1995-O-BK, 2011 WL 5080606 (N.D. Tex. Aug. 3, 2011) (Toliver, J.) (finding that a counsel's alleged incorrect advice or failure to advise about the potential offense-level increase did not prejudice the petitioner in light of the specific admonitions given to him); *see also U.S. v. Boyd*, No. 3:02-CR-0235-H, 2007 WL 900949, at *7 (N.D. Tex. Mar. 23, 2007) (holding that the alleged deficiency of counsel does not constitute ineffective assistance of counsel because the petitioner stated he would have pleaded guilty regardless of his counsel's advice). Moore thus fails to meet the second prong of *Strickland*, and habeas relief is not warranted on this ground.

11

### Claim 3 - Excessive Punishment

Moore also contends that his twenty-five-year sentence constitutes excessive punishment. ECF No. 1 at 15. In support of this claim, Moore argues that because he is being "wrongfully convicted" that his punishment is excessive. *Id.* In response, the State argues that Moore's claim is "merely a reiteration that because his sentence is illegal his punishment is excessive . . . the Director does not recognize it as a new claim, but merely a continuation of his first claim." ECF No. 11 at 3. The undersigned agrees that Moore fails to elaborate on this claim beyond the allegations he already asserts in his "illegal conviction" and ineffective assistance of counsel claims. Moore cites to no legal authority or case law in support of the claim. A petitioner seeking habeas relief in federal court must provide more than "conclusory allegations unsupported by specifics." *Blackledge v. Alllison*, 431 U.S. 63, 74 (1977); *see also Woods v. Cockrell*, 307 F.3d 353, 357 (5th Cir. 2002) (rejecting any claim that § 2254 petition could be construed to embrace prior issues as inadequately briefed and waived) (citing *Martin v. Cain,* 246 F.3d 471, 475 n. 1 (5th Cir.2001) (other citations omitted). The undersigned finds that Moore has waived this argument for failure to brief it adequately. *See Trevino v. Johnson*, 168 F.3d 173, 161 n. 3 (5th Cir. 1999); *see also* Powell v. Stephens, No. 3:13–CV–4805–B BH, 2015 WL 3883362, at *5 (N.D. Tex. June 22, 2015) (denying claims with prejudice due to inadequate briefing) (Ramirez, J). Thus, this claim should be dismissed.

### Conclusion

Because Petitioner has not shown that he is entitled to habeas relief, the undersigned **RECOMMENDS** that the Petition for Writ of Habeas Corpus (ECF No. 1) be **DISMISSED with prejudice.**

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Signed March 30, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

13